MATTER OF WONG

In Deportation Proceedings

A-12649506

*Decided by Board May 13, 1968*

(1) Respondent's plea of guilty in 1947 to a charge of unlawful possession of opium in violation of section 11500 of the Health and Safety Code of California, followed by a State court suspension of pronouncement of judgment and a grant of conditional probation for 2 years, constitutes a "conviction" within the meaning of section 241(a)(11) of the Immigration and Nationality Act.

(2) A 1961 order of the Superior Court of California substituting a plea of not guilty for respondent's 1947 plea of guilty to the narcotics charge, and dismissing the proceedings, amounts to an expungement of record under section 1203.4 of the California Penal Code and, hence, is ineffective to remove deportability under section 241(a)(11) of the Act (Matter of A—F—, 8 I. & N. Dec. 429).

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—No immigrant visa.

Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of illicit possession of narcotic drugs, to wit, opium.

ON BEHALF OF RESPONDENT:
Joseph S. Hertogs, Esquire
580 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The respondent, a native and citizen of China, appeals from an order entered by the special inquiry officer on January 29, 1968 granting suspension of deportation pursuant to the provision of section 244(a)(2) of the Immigration and Nationality Act, as amended (8 U.S.C. 1254(a)(2)). An application for the creation of a record of lawful admission pursuant to the provisions of section 249 of the Immigration and Nationality Act was denied. Exceptions have been taken to the denial of the respondent's application for the creation of a record of lawful admission.

**Discussion as to deportability:** The respondent, a married male alien, 61 years of age, originally entered the United States through the port of San Francisco, California on or about November 19, 1918.

721

He entered as a United States citizen and has resided here continuously with the exception of the following trips to China: May 13, 1922 to February 21, 1923, October 15, 1927 to May 29, 1929, and October 6, 1939 to March 13, 1941.

The respondent last entered the United States through the port of San Francisco, California on March 13, 1941. Although he last entered as a citizen, he now concedes that he is an alien. He last entered the United States to reside permanently but did not possess an immigration visa. He has admitted and it is found that he is deportable under the provisions of section 241(a)(1) of the Act in that at the time of entry he was excludable as an immigrant not in possession of a valid immigration visa, in violation of section 13(a) of the Act of May 26, 1924.

The respondent denies that he is deportable as a narcotic violator pursuant to the provisions of section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)). The facts of the case with regard to the issue of whether the respondent was convicted of a violation of section 11500—Health and Safety Code of California (possession of narcotics) within the meaning of section 241(a)(11) of the Immigration and Nationality Act are as follows: An information was filed against the respondent on January 21, 1947 in the Superior Court of the State of California, in and for the County of Mendocino, charging that he "did wilfully, unlawfully and feloniously, possess a narcotic, to-wit, opium. . . ." Upon arraignment on February 7, 1947 in the Superior Court for the County of Mendocino, California, the respondent pled guilty and Judge Lilburn Gibson made the following statement, "I will not pronounce judgment at this time, but I will suspend the pronouncement of judgment and will grant probation to you, under the following terms and conditions." The terms of the probation provided that the respondent reimburse the County of Mendocino in the amount of $250 cost and that he report to a doctor periodically for a period of six months for a determination as to whether the respondent was still using narcotics. The term of the respondent's probation ran for two years. The court also stated that if the respondent complied with "the terms of this probation, you can come into court at the end of two years and show the court that you have lived up to the terms of probation and ask permission to withdraw your plea of guilty and enter a plea of not guilty, and the case will be dismissed and wiped off the record."

Counsel on appeal argues that the foregoing facts will not support a finding that the respondent "has been convicted of a violation of . . . any law or regulation relating to the illicit possession of . . . narcotic drugs . . ." within the meaning of the Supreme Court's deci-

sion in *Pino* v. *Nicholls* (349 U.S. 901). Counsel also argues that there is a provision of the California Penal Code (section 1385) which provides that a California court may in its discretion terminate a proceeding on its own motion "in furtherance of justice" and that the action of the California court amounted to a "dismissal" within the meaning of section 1385 of the California Penal Code.

We find nothing in the order entered by the Superior Court that can be interpreted as a "dismissal of the action" pursuant to section 1385 of the California Penal Code.[1] The general rule in the State of California is that a plea of guilty is tantamount to a conviction. (*People* v. *Williams*, 27 Cal. 2d 220, 228, 163 Pac. 2d 692; *People* v. *Goldstein*, 32 Cal. 432, 433; *Stephens* v. *Toomey*, 51 Cal. 2d 864, 869, 338 Pac. 2d 182) The California courts have consistently held that a judgment of conviction and an imposition of sentence are one and the same (*People* v. *Stephano*, 177 C.A. 2d 414 (1960) ; *People* v. *Williams*, 186 C.A. 2d 420 (1960)). The respondent's plea of guilty to the narcotic charges against him gave the Superior Court of California power and authority to "suspend the pronouncement of judgment (sentence)" and to commit him to a rehabilitation program for narcotic violators. Cf. *People* v. *Plaehn*, 237 C.A. 2d 398 (1965). We conclude that the order entered by the Superior Court of the State of California in and for the County of Mendocino on May 12, 1961 substituting a plea of not guilty for the guilty plea previously entered and dismissing the proceeding amounts to an expungement of the record pursuant to section 1203.4 of the California Penal Code and accordingly is within the Attorney General's ruling in the case of *Arrellano-Flores*, 8 I. & N. Dec. 429 (262 F.2d 667 (1958), cert. denied 362 U.S. 921; 310 F.2d 118 (1962)). The Attorney General in Arrellano-Flores (*supra*) held that in a narcotics case "the term 'convicted' may (not) be regarded as flexible enough to permit an alien to take advantage of a technical 'expungement' which is the product of a state procedure wherein the merits of the conviction and its validity have no place." (8 I. & N. Dec. 429, 446)

Furthermore, the Court of Appeals for the Ninth Circuit has held that "under California law . . . the word 'convicted' signifies the status of a person after entry of a plea of guilty to a criminal charge or against whom a verdict of guilty of a criminal charge has been

---

[1] Section 1385 of the California Penal Code reads as follows: *Dismissal of Action:* The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.

returned by a jury and that the phrase 'a judgment of conviction' means the imposition of a sentence upon a person who has been convicted of a criminal charge after a plea of guilty or the rendition of a guilty verdict." (*Gutierrez* v. *Immigration and Naturalization Service*, 323 F.2d 593; *Kelly* v. *Immigration and Naturalization Service*, 349 F.2d 473, cert. denied 382 U.S. 932, 15 L.Ed. 2d 344 (C.A. 9, 1965))

We have carefully considered the opinions of the sentencing judge, the Honorable Lilburn Gibson, and the District Attorney of Mendocino County, the Honorable Frank S. Petersen, to the effect that the court did not pronounce judgment and that there was never any "judgment of conviction" in the action against the respondent but find no authority under California law supporting their opinions. We conclude that the respondent has been convicted of a narcotic violation within the meaning of the immigration laws and is deportable pursuant to section 244(a)(11) of the Immigration and Nationality Act.

**Discussion as to eligibility for discretionary relief:** The respondent has applied for the creation of a record of lawful admission pursuant to the provisions of section 249 of the Immigration and Nationality Act, as amended (8 U.S.C. 1259). An alien to be eligible for the creation of a record of lawful admission must "satisfy the Attorney General that he is not inadmissible under section 212(a) insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens . . ." The respondent is inadmissible to the United States under the provisions of section 212(a)(23) of the Act as an alien who has been convicted of violating the narcotic laws. Accordingly, he is not eligible for relief under section 249 of the Act.

The respondent, in the alternative, has applied for suspension of deportation under the provisions of section 244(a)(2) of the Act. A report of a character investigation conducted by the Immigration and Naturalization Service is favorable to the respondent. All of the persons questioned were in agreement that the respondent has been a person of good moral character and deserving of any relief available. The records of the local police and the Government do not disclose any arrests or convictions other than the narcotic violation. The record contains an order entered on May 12, 1961 in the Superior Court of the State of California, in and for the County of Mendocino withdrawing the plea of guilty entered by the respondent in February of 1947 in the narcotic case, a plea of not guilty was substituted and the action was dismissed. The evidence of record affirmatively establishes that the respondent has been a person of good moral

character for at least the ten years preceding his application for suspension of deportation.

The respondent was married while on a trip to China in 1922 or 1923. His wife resides in Hong Kong and a son resides on the mainland of China. The respondent's parents are deceased and he has a sister who resides in China. The respondent has a partnership interest in two coffee shops, one located in Ukiah and the other at Fort Bragg, California. He derives an income therefrom of approximately $7,800 per year. His assets total some $21,500. He sends $1,000 annually to his wife in Hong Kong for her support.

The respondent testified that his deportation would result in extreme hardship to him because he would find it difficult to dispose of his interests in the coffee shops, he has no relatives who could help him become established if he were sent to Hong Kong, and he does not believe that he would be able to earn a living outside of the United States. The respondent has resided in the United States continuously since he last entered in 1941. He originally entered the United States in November of 1918 and with the exception of several visits to China has made his residence in the United States since that date.

The respondent in his 50 years of residence in the United States has become accustomed to the American way of life. It is obvious that his deportation would result in an extreme and unusual hardship to him. There is no evidence that he has used any narcotic drugs since his conviction in 1947. It is apparent from this record that he has become rehabilitated. We find the grant of suspension of deportation warranted in this case. An appropriate order will be entered.

**ORDER:** It is directed that the order entered by the special inquiry officer on January 29, 1968 be and the same is hereby affirmed, to wit:

*It is further ordered* that the respondent's application for creation of a record of lawful admission under section 249 of the Immigration and Nationality Act be denied.

*It is further ordered* that the deportation of the respondent be suspended under the provisions of section 244(a)(2) of the Immigration and Nationality Act, as amended.

*It is further ordered* that if Congress approves the suspension of the respondent's deportation the proceedings be cancelled, and that appropriate action be taken pursuant to section 244(d) of the Immigration and Nationality Act, as amended.

*It is further ordered* that in the event Congress fails to take action approving suspension of the respondent's deportation, these proceedings shall be reopened upon notice to the respondent.

725