## MATTER OF REHMAN

### In Deportation Proceedings

### A-20585090

*Decided by Board November 17, 1975*

Notwithstanding a Certificate of Relief from Disabilities was issued to respondent pursuant to section 701 of the New York State Correction Law on the day of the criminal proceedings, where respondent was arrested for possession of hashish in violation of section 220.03 of the New York Penal Law; he entered a plea of guilty which was accepted by the court; he was sentenced to a conditional discharge for a period of one year; as a result of the court judgment, he is barred from holding public office in New York State, and evidence of the conviction may also be used as the basis for the exercise of discretion by state authorities, the proceedings against respondent resulted in a "conviction" upon which his deportation under section 241(a)(11) of the Immigration and Nationality Act, as amended, may be based.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of law relating to the illicit possession of hashish.

ON BEHALF OF RESPONDENT:
Vincent A. O'Neil, Esquire
333 E. Onondada Street
Syracuse, New York 13202

ON BEHALF OF SERVICE:
Paul C. Vincent
Chief Trial Attorney

In a decision dated March 11, 1975, an immigration judge found the respondent deportable as charged and ordered his deportation. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of Pakistan, entered the United States as a nonimmigrant student on January 17, 1974. On January 18, 1974 he was arrested for possession of hashish in violation of New York Penal Law 220.03 and, on March 29, 1974, his plea of guilty was accepted. Deportation proceedings were instituted against him under section 241(a)(11) of the Immigration and Nationality Act, which provides for the deportation of any alien who has been convicted of a violation of any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana.

The record contains a copy of a Certificate of Relief From Disabilities

(hereinafter referred to as "Certificate") which was issued to the respondent pursuant to Section 701 of the New York State Correction Law on the day of the criminal proceedings. Section 701 of the Correction Law provides:

"1. A Certificate of relief from disabilities may be granted as provided in this article to relieve an eligible offender of any forfeiture or disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction of the crime or of the offense specified therein. Such certificate may be limited to one or more enumerated forfeitures, disabilities or bars, or may relieve the eligible offender of all forfeitures, disabilities and bars. Provided, however, that no such certificate shall apply, or be construed so as to apply, to the right of such person to retain or to be eligible for public office.

2. Notwithstanding any other provision of law, a conviction of a crime or of an offense specified in a certificate of relief from disabilities shall not cause automatic forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election, or automatic forfeiture of any other right or privilege, held by the eligible offender and covered by the certificate. Nor shall such conviction be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate.

3. A certificate of relief from disabilities shall not, however, in any way prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified therein as the basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or refuse to renew any license, permit or other authority or privilege."

The issue on appeal involves the question of whether, in light of Section 701, the proceedings against the respondent resulted in a "conviction" upon which his deportation under section 241(a)(11) of the Act may be based.

In assessing whether a conviction has been had for immigration purposes, we have previously found the following factors, among others, to be significant: (1) a judicial finding of guilt, (2) action taken by the court which removes the case from those which are pending for consideration, and (3) evidence that the action of the court is considered a conviction by the State for at least some purpose. *Matter of L-R-*, 8 I. & N. Dec. 269 (BIA 1959).

From a review of the record of the criminal proceedings, the following facts are revealed: The respondent entered a plea of guilty which was accepted by the court. No appeal from the judgment of the court was taken. The respondent was sentenced to a conditional discharge for a period of one year. As a result of the judgment of the court, the respondent is barred from holding public office in New York State, and evidence of the conviction may also be used as the basis for the exercise of discretion by state authorities. We conclude that the record of the criminal proceedings brought against the respondent clearly establishes

that the respondent was convicted within the meaning of section 241(a)(11) of the Act.

New York, through the issuance of the Certificate to the respondent, has declared that it will not consider the conviction of the respondent to be a conviction with certain exceptions.[1] New York, however, may grant relief only from disabilities which would otherwise result from its own laws. We are not bound by how the state chooses to treat the event. See *Cruz-Martinez* v. *INS*, 404 F.2d 1198 (C.A. 9, 1968), cert. denied 394 U.S. 955 (1969). In cases involving narcotics violators not convicted under the Federal Youth Corrections Act or its state equivalent, we have limited our inquiry to whether a conviction existed. See *Matter of Robinson*, 15 I. & N. Dec. (BIA 1975); *Matter of A–F–*, 8 I. & N. Dec. 441 (A.G. 1959); *Matter of Wong*, 12 I. & N. Dec. 721 (BIA 1968). We have found such a conviction in this case.

We conclude that the deportability of the respondent has been established by clear, convincing and unequivocal evidence. The decision of the immigration judge is correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[1] We note, however, that the Certificate given to the respondent could have been revoked by the State during the year of the respondent's conditional discharge.