MATTER OF L——R——

## In DEPORTATION Proceedings

### A-6881251

*Decided by Board February 20, 1959*

Narcotic Violation—Finality of conviction—Commitment to California Youth Authority.

Alien found guilty by California court of narcotic violation and ordered committed to the California Youth Authority has been "convicted" within meaning of section 241(a)(11) of the 1952 act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Narcotic conviction: Possession of heroin, in violation of section 11500 of the California Health and Safety Code.

### BEFORE THE BOARD

**Discussion:** Respondent, a 20-year-old married male, a native and national of Mexico, last entered the United States in 1948 when he was admitted for permanent residence. On March 17, 1958, he was convicted in the Superior Court at Los Angeles, California, for possession of heroin in violation of section 11500, Health and Safety Code of the State of California. The respondent was found guilty. A probation report was ordered and the proceedings were continued. On May 6, 1958, the respondent appeared for sentencing. Probation was denied. Respondent was committed to the Youth Authority of the State of California for the term prescribed by law and was ordered held in the custody of the sheriff in the county jail subject to any orders the Authority might issue.

The special inquiry officer found that respondent had been convicted of a narcotic violation and he ordered the respondent's deportation. Respondent appealed stating that he did not believe that he was subject to deportation. On August 22, 1958, we remanded the case to have the record show what disposition the Youth Authority had made of the respondent. The Acting Regional Commissioner, Southwest Regional Office, filed this motion asking for reconsideration of our decision. His position is that whatever action the Youth Authority will take can have no bearing on the alien's liability to

deportation since the only question to be resolved is whether the respondent has been *convicted* of a narcotic violation and this fact is already established by the record. At oral argument, the Service representative pressed the same view. (We have now been supplied with information that the respondent was transferred from the county jail to a vocational institution at Tracy, California, and that from there he has been transferred to the Director of Corrections at Soledad, California.)

The issue is whether the respondent has been "convicted" as that term is understood in the immigration laws. For deportation purposes, a conviction exists where the following elements are all present: (1) there has been a judicial finding of guilt, (2) the court takes action which removes the case from the category of those which are (actually, or in theory) pending for consideration by the court—the court orders the defendant fined, or incarcerated or the court suspends sentence, or the court suspends the imposition of sentence, (3) the action of the court is considered a conviction by the State for at least some purpose (*Matter of O——*, 7 I. & N. Dec. 539; *Matter of J*   , 7 I. & N. Dec. 580; *Matter of D——*, Int. Dec. No. 965).[1]

How does the action of the court here meet the tests? The record reveals that there has been a judicial declaration of guilt. This judicial finding of guilt was followed by an order committing respondent. The court has acted and there is nothing left for the court to do. After the order of commitment was entered the court, without more, had no jurisdiction over the respondent (*People* v. *Rick*, 112 C.A. 2d 410, 246 P. 2d 691). The action of the court is as final as if the court had given respondent a suspended sentence, or had suspended the imposition of sentence, or had placed respondent on probation rather than ordering him confined (see *Arrellano-Flores* v. *Hoy*, 262 F.2d 667, C.C.A. 9, 1958). The last test, which required that the State consider the proceeding as one resulting in a conviction, is also satisfied here. The law provides that a person who has been "convicted of a public offense" can be committed to the Youth Authority (section 1731.5, Welfare and Institutions Code; see also section 1771); and the courts of the State in speaking of a person committed to the Youth Authority in a proceeding such as this, consider him as having been "convicted of crime." A commitment to the Youth Authority is a judicial determination of the fact of defendant's conviction and pronouncement of sentence for the offense

---

[1] It is to be noted that we are not concerned with whether an alien has been sentenced to confinement for a year or more, but merely with whether he has been convicted. There is no requirement in the immigration laws that conviction of a narcotic violation be followed by a particular type of punishment, in order to make the alien deportable.

270

(see, *People* v. *Lockwood*, 146 C.A. 2d 189, 303 P. 2d 621; *In re Herrera*, 23 C. 2d 206, 143 P. 2d 345; *People* v. *Rick*, 112 C.A. 2d 410, 246 P. 2d 691). The court took the action which is normally taken to inflict some obligation upon a convicted person. This action meets all the tests we have set forth. A conviction exists for immigration purposes. We shall, therefore, withdraw our order of August 22, 1958, and dismiss the appeal.

**Order:** It is ordered that the Board's order of August 22, 1958, be and the same is hereby withdrawn.

*It is further ordered* that the appeal be and the same is hereby dismissed.