## MATTER OF TSIMBIDY-ROCHU

### In Deportation Proceedings

### A-14324676

### *Decided by Board November 6, 1968*

Where, following respondent's conviction in the State of Nevada of possession of marijuana, her plea of guilty was withdrawn and the information was dismissed by the court pursuant to section 176.225 of the Nevada Revised Statutes (which action conforms to an expungement under section 1203.4 of the California Penal Code), the dismissal of the information by the Nevada court is ineffective to remove respondent's narcotic conviction as a basis for deportation under section 241(a)(11) of the Immigration and Nationality Act.*

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of possessing marijuana.

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
517 Washington Street
San Francisco, Calif., 94111

ON BEHALF OF SERVICE:
Jay Segal
Trial Attorney
(Brief submitted)

The instant matter arises on a motion to reconsider our prior decision rendered on July 17, 1968, wherein we dismissed the appeal and affirmed the finding of the special inquiry officer ordering the respondent deported.

These proceedings initially arose under section 241(a)(11) of the Immigration and Nationality Act. The respondent, a native and citizen of France, was convicted on her plea of guilty in the Second Judicial District Court, State of Nevada, County of Washoe, on April 22, 1968, for the offense of possession of a narcotic drug, to wit, marijuana. Following her conviction, the respondent was sentenced to the Nevada State Prison for a term of one year. The sentence was suspended and the respondent was placed on probation for a period of three months on condition that she surrender to the Immigration and Naturalization author-

---

* Reaffirmed. See 414 F.2d 797 (C.A. 9, 1969).

ities. Following our adverse decision on the appeal, respondent, through her counsel, filed a petition for review with the United States Court of Appeals for the Ninth Circuit. On July 21, 1968, respondent's plea of guilty was changed to that of not guilty and the information was dismissed pursuant to section 176.225 of the Nevada Revised Statutes.

The purpose of the instant motion to reconsider is to raise the issue of whether the court order removes the conviction of respondent as the basis of deportation. The Service has filed a reply brief in which it states that the Petition and Order for Honorable Discharge from Probation attached to the motion is evidence of an expungement and does not wipe out respondent's conviction for the possession of marijuana. The Service characterizes the Nevada statute cited above as being similar to section 1203.4 of the California Penal Code providing for expungements.[1]

The sole question we are called upon to decide is whether or not the action of the Nevada Court dismissing the information against the respondent has the effect of removing the basis of her deportation under section 241(a)(11) of the Immigration and Nationality Act. A review of the Nevada law and examination of the evidence presented in connection with the motion to reconsider compels us to conclude that the basis of deportation is not removed.

---

[1] Section 176.225 of the Nevada Revised Statutes, reads as follows:

1. Every defendant who:

(a) Has fulfilled the conditions of his probation for the entire period thereof; or

(b) Is recommended for earlier discharge by the chief parole and probation officer; or

(c) Has demonstrated his fitness for honorable discharge but because of economic hardship, verified by a parole and probation officer, has been unable to make restitution as ordered by the court, may at any time thereafter be permitted by the court to withdraw his plea of guilty or nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty; and in either case, the court shall thereupon dismiss the indictment or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.

2. The probationer shall be informed of this privilege in his probation papers.

3. The probationer may make such application and change of plea in person or by attorney authorized in writing, or by a parole and probation officer authorized in writing; but in any *subsequent prosecution of the defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the indictment or information had not been dismissed.* (Emphasis supplied.)

We have previously held in *Matter A—F—*, 8 I. & N. Dec. 429 (1959), that expungement under the California Penal Code of a narcotics conviction did eliminate the ground of deportation under section 241(a)(11) of the Immigration and Nationality Act. The Attorney General reversed our conclusion, stating that expungement has no effect on deportability arising under section 241(a)(11). The Attorney General restated his position again in *Matter of G—*, 9 I. & N. Dec. 159 (1961) and more recently in *Matter of Ibarra-Obando*, 12 I. & N. Dec. 576. We have reviewed the Nevada statute cited herein and find that it conforms to the California Penal Statute on expungements. Consequently, our above rulings stating that an expungement of a narcotics conviction does not remove the basis for deportation are applicable to the instant matter and we affirm our prior holding that the respondent is deportable on the charge contained in the order to show cause.

**ORDER:** It is ordered that the decision finding the respondent deportable to France under section 241(a)(11) be hereby affirmed.