

MATTER OF GUTNICK

In Deportation Proceedings

A-13438882

*Decided by Board March 17, 1971*

Where, subsequent to respondent's convictions of burglary in Arizona, court orders were issued setting aside the judgments of conviction and dismissing the complaints for all purposes pursuant to Article 13-1744 of the Arizona Criminal Code as amended by Chapter 221, section 1, effective January 1, 1971, such convictions have been expunged and are no longer convictions of crimes within the meaning of section 241(a)(4) of the Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude: Burglary from vehicle and burglary, first degree.

ON BEHALF OF RESPONDENT:
Ruben Montemayor, Esquire
1414 Tower Life Building
San Antonio, Texas 78205

ON BEHALF OF SERVICE:
Bernabe Q. Maldonado
Trial Attorney
(Brief filed)

This case is before us on motion of the respondent to reopen the deportation proceedings and to reconsider the Board's order of deportation, dated October 30, 1969. The Service does not oppose the respondent's motion. The motion will be granted and the proceedings terminated.

The record relates to a 40-year-old unmarried male alien, a native and citizen of Canada, who entered the United States for permanent residence on May 15, 1963. On November 6, 1968, the respondent was convicted, after a plea of guilty, in the Superior Court of the State of Arizona, County of Maricopa, for the offense of burglary from a vehicle. On November 19, 1968, the respondent was convicted, after a plea of guilty, in the Superior Court of the State of Arizona, County of Pima, for the offense of burglary, first degree. For both of these offenses the sentence was suspended and he was placed on probation. In *Matter of Gutnick,*

Interim Decision No. 2011 (BIA, October 30, 1969), the Board found the respondent deportable under section 241(a)(4) of the Immigration and Nationality Act as one who, after entry, had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. On December 16, 1970, the United States Court of Appeals for the Fifth Circuit denied review of the case.

Subsequent to our decision in this matter, Article 13–1744 of the Arizona Criminal Code under added laws, Chapter 221, section 1, was enacted into law by the Arizona legislature effective January 1, 1971. This provides that a defendant who has fulfilled the conditions of probation or who has been discharged from probation prior to the termination of the stated period shall be permitted by the court:

> . . . to withdraw his plea of guilty and enter a plea of not guilty or if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty. In either case the court may thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney or by the probation officer authorized in writing, provided that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

With the motion, counsel for the respondent presented Court Orders issued on January 18, 1971 and January 20, 1971, respectively, pursuant to the newly enacted Article 13–1744 of the Arizona Criminal Code, setting aside the judgments of conviction previously entered against the respondent and dismissing the complaints for all purposes.

In *Matter of Ibarra-Obando*, 12 I. & N. Dec. 576 (A.G., 1967), the Attorney General held that a conviction which was later expunged under section 1203.4 of the Penal Code of California is not a conviction of a crime for the purposes of section 241(a)(4) of the Act. With the exception of the permissive term "may," Article 13–1744 of the Arizona Criminal Code is identical with section 1203.4 of the California Penal Code. We are satisfied that the two convictions in question in this case have been expunged and are no longer convictions of crimes within the meaning of section 241(a)(4). Accordingly, we will grant the respondent's motion, withdraw our prior order of deportation, and terminate the proceedings.

**ORDER:** It is ordered that the motion to reopen and reconsider be and the same is hereby granted.

*It is further ordered* that, upon reconsideration of this matter as requested in the motion to reopen and reconsider, the prior order of deportation of the Board dated October 30, 1969, be and the same is hereby withdrawn; and that the deportation proceedings be and the same are hereby terminated.