MATTER OF VARAGIANIS

In Deportation Proceedings

A—8207711

*Decided by Board October 15, 1976*

Respondent was convicted upon a plea of guilty of unlawful possession of marihuana in violation of section 318–B:26 of the New Hampshire Revised Statutes Annotated for which he was sentenced to six months' imprisonment. Sentence was suspended and he was placed on probation for two years. Notwithstanding a subsequent order of the court annulling the record of conviction and sentence under New Hampshire law, the conviction still stands for various state purposes and, therefore, is a conviction within the meaning of section 241(a)(11) of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted for violation of a law relating to marihuana

ON BEHALF OF RESPONDENT: John A. Pino, Esquire
Samual Bonaccorso, Esquire
Pino, Busconi & Bonaccorso
Three Center Plaza
Boston, Massachusetts 02108

In a decision dated February 6, 1976, the immigration judge found the respondent deportable as charged, and ordered him deported. The respondent has appealed from that decision. In his appeal brief, counsel requests that we remand the record to the immigration judge for consideration of the application of section 212(c) of the Immigration and Nationality Act to the facts of this case. We shall treat that request as a motion to reopen the proceedings in order to allow the respondent to apply for advance permission to return to an unrelinquished domicile under section 212(c) of the Act. The motion to reopen will be granted and the record will be remanded to the immigration judge for appropriate proceedings.

The respondent is a 26-year-old married male alien who is a native and citizen of Greece. He was admitted to the United States as a permanent resident alien on or about December 26, 1951.

The Order to Show Cause alleged that on February 4, 1974, the respondent was convicted in Rockingham County Superior Court, State

of New Hampshire, of the possession of marihuana (a controlled drug) in violation of section 318-B:26 of the New Hampshire Revised Statutes Annotated. He was charged under section 241(a)(11) of the Immigration and Nationality Act.

Under section 241(a)(11) of the Act, an alien in the United States is deportable if, at any time after entry, he has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana.

At his hearing, the respondent through counsel admitted to the fact that on February 4, 1974, the respondent pleaded to and was found guilty of the crime of unlawful possession of marihuana (in violation of record of conviction and sentence was "annulled" by a court in New Hampshire, and, therefore, that conviction cannot be a basis for deportability under section 241(a)(11) of the Act.

Certified copies of respondent's true bill and abstract of conviction, sentence and order of probation are of record. These documents reveal that on February 4, 1974 the respondent pleaded to and was found guilty of the crime of unlawful possession of marijuana (in violation of section 318-B:26 of the New Hampshire Revised Statutes Annotated). He was sentenced to the Rockingham County House of Correction for six months; that sentence was suspended. Respondent was placed on probation for a term of two years. It was noted on the court record that respondent's offense was disposed of as a misdemeanor. Also of record is a copy of an order of the Rockingham County Superior Court dated February 5, 1975, which annulled the respondent's record of conviction and sentence; and a copy of a document issued by the New Hampshire Department of Probation on February 5, 1975, which petitioned and consented to the termination of respondent's period of probation.

Counsel contended at the hearing that in view of the annulment of respondent's record of conviction and sentence by the State court, the respondent is no longer subject to deportation under section 241(a)(11) of the Act.

In cases involving narcotics and marihuana violators not convicted under the Federal Youth Corrections Act or its state equivalent, we have limited our inquiry to the issue of whether a conviction existed. See *Matter of Robinson*, Interim Decision 2351 (BIA 1975); *Matter of Wong*, 12 I. & N. Dec. 721 (BIA 1968); *Matter of A—F—*, 8 I. & N. Dec. 429 (BIA, A.G. 1959).

We have consistently found for immigration purposes, that a conviction exists when the following elements are present: (1) there has been a judicial finding of guilt; (2) the court takes action which removes the case from the category of those which are (actually or in theory) pending for consideration by the court—the court orders the defendant fined, or incarcerated or the court suspends sentence; (3) the action of the court is

considered a conviction by the State for at least some purpose. *Matter of Pikkarainen*, 10 I. & N. Dec. 401 (BIA 1963); *Matter of L—R—*, 8 I. & N. Dec. 269 (BIA 1959).

Under section 651:5 (Disposition of Certain Records) of the New Hampshire Revised Statutes Annotated, persons who have been convicted of a crime and who meet specified conditions may apply to the court in which their original sentence was entered for an order to annul the *record* of conviction and sentence. The statute was intended to reward a person for good behavior following a conviction and to assist in the rehabilitation of that person. The effect of an annulment order under New Hampshire law is expressed as follows:

> Upon entry of the order, the applicant shall be treated in all respects as if he had never been convicted and sentenced, except that upon conviction of any crime committed after the order of annulment has been entered, the prior conviction may be considered by the court in determining the sentence to be imposed.

The statute further indicates that:

> Nothing in this section shall affect any right of the applicant to appeal from his conviction or sentence or to rely on it in bar of any subsequent proceedings for the same offense.

The record of conviction reveals that the respondent plead guilty to and was found guilty of the charge of unlawful possession of marihuana in New Hampshire. The trial court imposed a six-month sentence, but suspended the execution of that sentence and placed the respondent on probation. It does not appear from the record that respondent appealed from that decision. It is clear that under New Hampshire law, notwithstanding an existing court order annulling a record of conviction and sentence, the conviction still stands for various state purposes. Cf. *Matter of Rehman*, Interim Decision 2448 (BIA 1975). We therefore conclude that the post-conviction annulment order did not have the effect of vacating respondent's conviction. Counsel has not shown that the respondent is no longer subject to deportation. We are satisfied that the record of the criminal proceedings brought against the respondent establishes that he was convicted within the meaning of section 241(a)(11) of the Act and that the deportability of the respondent has been established by clear, convincing and unequivocal evidence.

We find that the respondent has a record of lawful permanent residence dating back to December 26, 1951. His deportability resulted from a conviction of a marihuana violation. The record shows no evidence that he departed the United States following his conviction.

Although the respondent did not apply for relief under section 212(c) of the Act at the hearing, he seeks that relief on appeal. In *Francis v. INS*, 532 F.2d 268 (2 Cir. 1976), the United States Court of Appeals for the Second Circuit concluded that it is a denial of equal protection to

preclude aliens who had not departed from the United States from being granted relief under section 212(c) of the Act, while treating aliens who had so departed as statutorily eligible for such relief. In *Matter of Silva-Ovalle*, Interim Decision 2532 (BIA, September 10, 1976), we followed *Francis* v. *INS, supra,* and withdrew from prior decisions, taking a contrary position. In *Silva-Ovalle, supra,* we stated that:

Under the provisions of section 212(c) of the Act, a waiver of the ground of inadmissibility may be granted to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the act or acts which render him deportable . . . . [I]t is our position that no distinction shall be made between permanent resident aliens who temporarily proceed abroad and nondeparting permanent resident aliens.

In light of the foregoing opinion, we conclude that the hearing in this matter should be reopened in order to adjudicate the issue of whether the respondent qualifies for relief under section 212(c) of the Act. The respondent should be given the opportunity to file an Application for Advance Permission to Return to Unrelinquished Domicile (Form I-191). Accordingly, we shall grant respondent's motion to reopen the proceedings and remand the record to the immigration judge for further proceedings consistent with the above opinion.

ORDER: The motion to reopen the proceedings is granted.

FURTHER ORDER: The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion. If discretionary relief is granted by the immigration judge, the outstanding order of deportation shall be withdrawn.