## MATTER OF MOELLER

### In Deportation Proceedings

### A-12371591

*Decided by Board December 16, 1976*

(1) Respondent, a 35-year-old native of Germany who was admitted for permanent residence in 1962 was convicted in 1974 for the felonious possession of marihuana. Respondent contended on appeal that the destruction of his record of conviction under section 11361.5 of the Health and Safety Code of California made him not amenable to deportation under section 241(a)(11) of the Immigration and Nationality Act.

(2) Where the marijuana or narcotics conviction is not under the Federal Youth Corrections Act or its State equivalent, unconditional pardons, erasures of criminal records, expungements and annulments of records of convictions do not affect deportability under section 241(a)(11) of the Act. Similarly, destruction of records of conviction pursuant to a statute designed to benefit the convicted population at large (instead of just the youthful offender) has no effect on deportability under section 241(a)(11). *Matter of Lima*, Interim Decision 2490 distinguished.

(3) Since respondent has a record of lawful admission for permanent residence dating back to 1962, and there is no record that he departed the United States following his marihuana conviction, the record will be remanded to the immigration judge to permit respondent in deportation proceedings to file an application for a waiver of the instant ground of deportability under section 212(c) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation relating to illicit possession of marihuana

ON BEHALF OF RESPONDENT:
Terence Hallinan, Esquire
819 Eddy Street
San Francisco, California 94109

ON BEHALF OF SERVICE:
Philip P. Leadbetter
Trial Attorney

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

The respondent appeals from a decision of an immigration judge dated April 19, 1976 where he was found deportable as charged and his deportation to Germany was ordered. The record will be remanded for further proceedings.

The respondent is a 35-year-old native of Germany who was admitted

for lawful permanent residence on February 12, 1962, at New York City. On December 20, 1974, the respondent was convicted in the Superior Court of the State of California of the felonious possession of marihuana.

The respondent contends on appeal that the destruction of the record of conviction pursuant to section 11361.5 of the Health and Safety Code of California makes him not amenable to deportation under section 241(a)(11) of the Immigration and Nationality Act. The respondent's contention is rejected.

In cases involving narcotics and marihuana violators not convicted under the Federal Youth Corrections Act or its State equivalent, we have limited our inquiry to the issue of whether a conviction existed. *Matter of Varagianis,* Interim Decision 2537 (BIA October 15, 1976).

We have held that as far as narcotics and marihuana violations are concerned, when the conviction is not under the Federal Youth Corrections Act or its State equivalent, unconditional pardons, erasures of criminal records, expungements and annulments of records of convictions do not affect deportability under section 241(a)(11) of the Act. See *Matter of Varagianis, supra; Matter of Espinoza,* Interim Decision 2391 (BIA 1975); *Matter of Lindner,* Interim Decision 2341 (BIA 1975). We see no reason why the destruction of records should be treated differently. Deportation is a function of Federal and not State law. It would be anomalous for a Federal action based on a State conviction to be controlled by how the State chooses to subsequently treat the event. *Cruz-Martinez* v. *INS,* 404 F.2d 1198 (9 Cir. 1969).[1]

The present case is distinguishable from *Matter of Lima,* Interim Decision 2490 (BIA 1976). There, the court records were sealed under a statute having objectives similar to the ones expressed by Congress when it approved the Federal Youth Corrections Act. Here, the statute under which the destruction of the records is ordered is not intended to benefit youthful offenders by provisions designed to eliminate or ameliorate the lifelong stigma that may result from a conviction. This statute is directed to benefit the convicted population at large.

The record discloses that the respondent has a record of lawful permanent residence dating back to 1962. His deportability resulted from a marihuana violation. The record shows no evidence that he departed from the United States following his conviction.

Since the appeal was filed by the respondent, we have decided that relief under section 212(c) of the Act is available to a lawful permanent resident alien in deportation proceedings even if there is no subsequent entry after the ground of deportability arises. See *Matter of Silva-Ovalle,* Interim Decision 2532 (BIA September 10, 1976). Therefore, we

---

[1] We are aware of *Rohman* v. *INS,* 544 F.2d 71, Civ. No. 76–4022 (2 Cir. October 14, 1976). However, that decision is not controlling in this case.

shall remand the record so as to allow the respondent an opportunity to file an application for relief under section 212(c) of the Act. We make no intimation as to the merits of such an application.

**ORDER:** The record is remanded for further proceedings and the entry of a new decision.