## MATTER OF ROBINSON

### In Deportation Proceedings

### A-22393943

*Decided by Board June 13, 1979*

(1) Although there is no "judgment of conviction" under the laws of California when the sentence is suspended and probation imposed, an adjudication of guilt followed by a suspended sentence and probationary period is sufficient to subject a person to deportation on the basis that he has been convicted. *Gutierrez* v. *INS*, 323 F.2d 593 (9 Cir. 1963).

(2) Willful misapplication of funds of a savings and loan association in violation of 18 U.S.C. 657 includes the element of intent to defraud and therefore involves moral turpitude despite omission of the element of intent to defraud from the statute. *Matter of Batten*, 11 I. & N. Dec. 271 (BIA 1965), followed.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor— remained longer than permitted

ON BEHALF OF RESPONDENT:
Jose Angel Rodriguez, Esquire
Gomez, Paz, Rodriguez & Sanora
304 S. Broadway, Suite 532
Los Angeles, California 90013

ON BEHALF OF SERVICE:
Thomas Y. K. Fong
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent has appealed from a decision of the immigration judge dated October 31, 1977, in which he found the respondent deportable upon her own admission under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as a nonimmigrant who remained in the United States longer than permitted. He also denied her applications for suspension of deportation under section 244(a)(1) of the Act, 8 U.S.C. 1254(a)(1), and for voluntary departure. The respondent has appealed only from the immigration judge's denial of discretionary relief. The appeal will be dismissed.

The respondent is a 34-year-old native and citizen of Panama who entered the United States on March 20, 1970, as a nonimmigrant visitor. On December 14, 1976, she pled guilty in the United States District Court of the Central District of California to a charge of misapplication

of funds of a savings and loan association in violation of 18 U.S.C. 657. The respondent was adjudged to be guilty as charged and convicted, but imposition of sentence was suspended. She was required to be on probation for a period of two years and to make restitution of the misapplied funds.

The immigration judge denied both of the respondent's applications for discretionary relief on the ground that her conviction of a crime of moral turpitude within the last five years precluded a finding of good moral character.

On appeal, the respondent contends that she was not, in fact, convicted of a crime since imposition of sentence was suspended, and that the crime with which she was charged was not one involving moral turpitude, since the indictment contained no allegation of fraud.

The respondent cites our decision in *Matter of Amesquita*, Interim Decision 2608 (BIA 1977), in which we recognized that there is no "judgment of conviction" under the laws of California when a court chooses to "suspend, or refrain from, the pronouncement of judgment, subject to the administration of the probation laws." However, in that case, we also stated that such a dispositional order following an ascertainment of guilt would clearly support a finding of deportability. As authority for that proposition, we cited *Gutierrez v. INS*, 323 F.2d 593 (9 Cir. 1963), in which the terms "convicted" and "judgment of conviction," as applied under California law, were distinguished. It was determined in that case that a person was "convicted" after entry of a plea of guilty or a verdict of guilty by a jury, but that there was no "judgment of conviction" until a sentence was imposed. The court thereupon held that an adjudication of guilt followed by suspension of sentence and imposition of probation was sufficient to subject a person to deportation on the basis that he had been convicted.

In *Matter of Varagianis*, Interim Decision 2537 (BIA 1976), we held that a conviction exists for immigration purposes when (1) there has been a judicial finding of guilt, (2) the court takes action which removes the case from the category of those which are (actually or in theory) pending for consideration by the court—the court orders the defendant fined, or incarcerated or the court suspends sentence, (3) the action of the court is considered a conviction by the state for at least some purpose. See also *Matter of Pikkarainen*, 10 I. & N. Dec. 401 (BIA 1963); *Matter of L—R—*, 8 I. & N. Dec. 269 (BIA 1959).

Since in the respondent's case there was an adjudication of guilt and the sentence was suspended, which under the laws of California constitutes a conviction, we conclude that the respondent has been convicted for purposes of the immigration laws.

The respondent also argues that the crime of misapplication of funds is not one involving moral turpitude because the statute upon which the

indictment is based fails to include the element of fraud. In *Matter of Batten*, 11 I. & N. Dec. 271 (BIA 1965), we specifically held that a crime charging the defendant with misapplication of funds includes the element of intent to defraud and, therefore, involves moral turpitude despite omission of the element of intent from the statute. Although the respondent was convicted under 18 U.S.C. 657 for willful misapplication of funds from a savings and loan association, we find that the statute involved in the *Batten* decision, 18 U.S.C. 656, dealing with embezzlement from banks, is so similar as to render that ruling applicable to the instant case. Therefore, we conclude that the crime of which the respondent was convicted is one involving moral turpitude, and we agree with the determination of the immigration judge that the respondent cannot be considered to be a person of good moral character. See section 101(f)(3) of the Act, 8 U.S.C. 1101(f)(3).

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.