## MATTER OF OZKOK

### In Deportation Proceedings

### A-12150228

*Decided by Board April 26, 1988*

(1) A conviction exists for immigration purposes where an alien has had a formal judgment of guilt entered by a court or, if adjudication of guilt has been withheld, where all of the following elements are present: (1) a judge or jury has found the alien guilty or he has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty, (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed, and (3) a judgment or adjudication of guilt may be entered if the person violates the terms of his probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding his guilt or innocence of the original charge. *Matter of Garcia*, 19 I&N Dec. 270 (BIA 1985); *Matter of Zangwill*, 18 I&N Dec. 22 (BIA 1981); *Matter of Seda*, 17 I&N Dec. 550 (BIA 1980); *Matter of Robinson*, 16 I&N Dec. 762 (BIA 1979); *Matter of Varagianis*, 16 I&N Dec. 48 (BIA 1976); *Matter of Pikkarainen*, 10 I&N Dec. 401 (BIA 1963); and *Matter of L-R-*, 8 I&N Dec. 269 (BIA 1959), overruled in part.

(2) A conviction for a crime involving moral turpitude may not support an order of deportation if it has been expunged. *Matter of Gutnick*, 13 I&N Dec. 672 (BIA 1971); *Matter of Ibarra-Obando*, 12 I&N Dec. 576 (BIA 1966; A.G. 1967); *Matter of G-*, 9 I&N Dec. 159 (BIA 1960; A.G. 1961), followed.

(3) A conviction for a narcotics or marihuana violation is final regardless of the possibility of expunction. *Matter of A-F-*, 8 I&N Dec. 429 (BIA, A.G. 1959), followed.

(4) The respondent, whose adjudication of guilt was stayed and whose proceedings were deferred after his plea of guilty to possession of cocaine and who was ordered to complete 3 years of probation and 100 hours of volunteer community service pursuant to a state statute which allowed the court to enter judgment and proceed with disposition of the person upon violation of probation as if probation had not been ordered, has a final conviction sufficient to support an order of deportation under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1982).

CHARGE:
Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of narcotics violation

ON BEHALF OF RESPONDENT:
Konstantine J. Prevas, Esquire
Suite 950—Ninth Floor
5 Light Street
Baltimore, Maryland 21202

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated September 13, 1985, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1982), as an alien convicted of a narcotics violation, and ordered him deported from the United States. On October 18, 1985, the immigration judge certified his decision for our review.[1] The respondent has also filed a motion to vacate the order of deportation and terminate proceedings. The decision of the immigration judge will be affirmed in part. The record will be remanded for further proceedings.[2]

The respondent is a 32-year-old native and citizen of Turkey who was admitted to the United States as a lawful permanent resident on October 9, 1967. The record reflects that he pleaded guilty on August 20, 1981, to unlawful possession with intent to distribute cocaine in the Circuit Court for Baltimore County, Maryland. On October 23, 1981, the court stayed judgment and placed the respondent on probation for 3 years pursuant to the provisions of Article 27, section 641 of the Annotated Code of Maryland.[3] The judge fur-

---

[1] Subsequent to the issuance of the immigration judge's decision and his certification thereof to the Board, the respondent requested that the immigration judge render a supplemental order in view of the fact that an application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), which had been filed on November 17, 1983, was still pending. On October 31, 1985, the immigration judge issued a supplemental order vacating the order of deportation subject to the presentation of the respondent's waiver request. That order has also been certified to the Board. Inasmuch as the immigration judge no longer retained jurisdiction over the case following his certification of the order of deportation dated September 13, 1985, his supplemental order is of no effect. However, in view of our decision to remand the record for consideration of the respondent's waiver application, the issue is moot.

[2] This decision was originally entered on January 26, 1988. We have reopened the proceedings on our own motion in order to vacate that decision, withdraw it from publication, and substitute the following decision.

[3] The statute in effect at that time provided in pertinent part:

*Continued*

ther ordered the respondent to perform 100 hours of volunteer community service and to pay a fine of $1,500 plus court costs.

On October 8, 1982, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) charging the respondent with deportability under section 241(a)(11) of the Act. The record reflects that the respondent denied deportability and sought termination of the proceedings on the ground that the action of the criminal court did not constitute a conviction for immigration purposes under the standards set forth by the Board. The Service opposed termination, arguing that a conviction existed. After a thorough analysis of the Maryland statute and Board precedent decisions, the immigration judge determined that the action of the criminal court would support a finding of deportability under section 241(a)(11) of the Act. We agree with his conclusion, although for different reasons.

The question of what state action constitutes a conviction with sufficient finality for purposes of the immigration laws is one with

---

(a) *Probation after plea or finding of guilt; power of court to provide terms and conditions; waiver of right to appeal from judgment of guilt.*—(1)(i) Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate. The terms and conditions may include ordering the person to pay a fine or pecuniary penalty to the state, or to make restitution, but before the court orders a fine, pecuniary penalty, or restitution the person is entitled to notice and a hearing to determine the amount of the fine, pecuniary penalty, or restitution, what payment will be required, and how payment will be made. The terms and conditions also may include any type of rehabilitation program or clinic, or similar program, or the parks program or voluntary hospital program.

. . . .

(2) By consenting to and receiving a stay of entering of the judgment as provided by this subsection, the person waives the right to appeal from the judgment of guilt by the court at any time. Prior to the person consenting to the stay of entering of the judgment, the court shall notify the person that by consenting to and receiving a stay of entry of judgment, he waives the right to appeal from the judgment of guilt by the court at any time.

(b) *Violation of probation.*—Upon violation of a term or condition of probation, the court may enter judgment and proceed with disposition of the person as if the person had not been placed on probation.

(c) *Fulfillment of terms of probation.*—Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation. The discharge is final disposition of the matter. Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime. Md. Ann. Code art. 27, § 641 (1982).

which the Board has wrestled for many years. As early as 1942, we considered the effect of a state expunction statute on the status of a conviction for immigration purposes. *Matter of F–*, 1 I&N Dec. 343 (BIA 1942). In 1955 the United States Supreme Court addressed the conviction issue in a per curiam decision, stating only that the alien's conviction under a Massachusetts procedure, which permitted the sentence to be revoked and the case to be put "on file," had not "attained such finality as to support an order of deportation." *Pino v. Landon*, 349 U.S. 901 (1955). Recognizing the need for a federal standard for a final conviction, the Board analyzed the possible courses of action by a court that could result in a conviction in *Matter of O–*, 7 I&N Dec. 539 (BIA 1957). We concluded there that a final conviction existed where, after a finding of guilt was made, a fine or sentence to imprisonment was imposed or either the execution or imposition of a sentence was suspended. We also found that if the court postponed further consideration of the case so that it was still pending for imposition of some sentence, an examination under *Pino* would be necessary to determine if the conviction had achieved sufficient finality to support a deportation order.

A few years later the Board enunciated the three-pronged test which has been the standard we have applied since then to determine whether a conviction exists for immigration purposes. *Matter of L–R–*, 8 I&N Dec. 269 (BIA 1959).[4] During this same period, the Attorney General also examined the effect of expunction procedures on convictions for narcotics offenses, concluding that Congress did not intend for a narcotics violator to escape deportation as a result of a technical erasure of his conviction by a state. *Matter of A–F–*, 8 I&N Dec. 429 (BIA, A.G. 1959). In so finding, the Attorney General noted the federal policy to treat narcotics offenses seriously and determined that it would be inappropriate for an alien's deportability for criminal activity to be dependent upon "the vagaries of state law." *Id.* at 446. He further pointed out that in 1959, when his decision was rendered, only a few states had expunction procedures, concluding that it was unfair to give preferen-

---

[4] According to our definition as set forth in *Matter of L–R–, supra,* a conviction exists for immigration purposes where all of the following elements are present:

(1) there has been a judicial finding of guilt;

(2) the court takes action which removes the case from the category of those which are (actually, or in theory) pending for consideration by the court—the court orders the defendant fined, or incarcerated or the court suspends sentence, or the court suspends the imposition of sentence;

(3) the action of the court is considered a conviction by the state for at least some purpose.

tial treatment to only a few aliens who were convicted in those jurisdictions.[5]

It is apparent from a review of our decisions published since the Attorney General's opinion in *Matter of A-F-, supra,* that most states now employ some method of ameliorating the consequences of a conviction. *See also Dickerson* v. *New Banner Institute, Inc.,* 460 U.S. 103, 121 (1983). The procedures vary from state to state and include provisions for annulling or setting aside the conviction, permitting withdrawal of the plea, sealing the records after completion of a sentence or probation, and deferring adjudication of guilt with dismissal of proceedings following a probationary period. *See e.g., Matter of Garcia,* 19 I&N Dec. 270 (BIA 1985) (Texas); *Matter of Carrillo,* 19 I&N Dec. 77 (BIA 1984) (Texas); *Matter of Forstner,* 18 I&N Dec. 374 (BIA 1983) (Oregon); *Matter of Golshan,* 18 I&N Dec. 92 (BIA 1981) (Washington); *Matter of Zangwill,* 18 I&N Dec. 22 (BIA 1981) (Florida); *Matter of Seda,* 17 I&N Dec. 550 (BIA 1980) (Georgia); *Matter of Varagianis,* 16 I&N Dec. 48 (BIA 1976) (New Hampshire); *Matter of Tsimbidy-Rochu,* 13 I&N Dec. 56 (BIA 1968) (Nevada). Many states have more than one ameliorative provision, some applying only to youthful or first offenders, and others being available to the convicted population at large. *See, e.g., Matter of Kaneda,* 16 I&N Dec. 677 (BIA 1979) (Virginia); *Matter of Haddad,* 16 I&N Dec. 253 (BIA 1977) (Michigan); *Matter of Werk,* 16 I&N Dec. 234 (BIA 1977) (Wisconsin); *Matter of Moeller,* 16 I&N Dec. 65 (BIA 1976) (California); *Matter of Lima,* 15 I&N Dec. 661 (BIA 1976) (California); *Matter of Andrade,* 14 I&N Dec. 651 (BIA 1974) (California).

In keeping with the opinions of the Supreme Court and the Attorney General, the Board has attempted over the years to reconcile its definition of a final conviction with the evolving criminal procedures created by the various states. Having reviewed our decisions in this regard, we must acknowledge that the standard which we have applied to the many variations in state procedure may permit anomalous and unfair results in determining which aliens are considered convicted for immigration purposes. For example, alien A, who has been found guilty of a narcotics violation by a jury or judge, but against whom no formal judgment has been entered by the judge, and who was placed on probation, fined, and even incarcerated as a special condition of probation, but who has

---

[5] A few years later, however, the Attorney General approved the Board's "long-standing rule" that a conviction for a crime involving moral turpitude that had been expunged would not support a finding of deportability under section 241(a)(4) of the Act. *Matter of G-,* 9 I&N Dec. 159, 169 (BIA 1960; A.G. 1961).

no right to appeal and is subject to automatic entry of a judgment upon violation of probation, would not be considered "convicted" under our three-pronged test because there has been no judicial adjudication of guilt. On the other hand, we would find a conviction in the case of alien B, who pleaded nolo contendere to the same charge and against whom a formal judgment was entered by the court, but whose sentence was deferred with no other penalty imposed, so long as the state also considered him convicted for some purpose.

We find no rational or legal reason for according these two aliens different immigration status based on the criminal procedures of the states where they committed a crime. Under the approach we have taken in the past, form has been placed over substance, and aliens who are clearly guilty of criminal behavior and whom Congress intended to be considered "convicted" have been permitted to escape the immigration consequences normally attendant upon a conviction. We therefore find that a revision of our standard for a final conviction has become necessary.

As in the past, we shall consider a person convicted if the court has adjudicated him guilty or has entered a formal judgment of guilt. Since such a judicial action is generally deemed a final conviction in both federal and state jurisdictions, it will be sufficient to constitute a conviction for immigration purposes without consideration of the other two factors of our former test.[6] *See generally Dickerson* v. *New Banner Institute, Inc., supra,* at 112–13 & nn. 6–7.

Where adjudication of guilt has been withheld, however, further examination of the specific procedure used and the state authority under which the court acted will be necessary. As a general rule, a conviction will be found for immigration purposes where all of the following elements are present:

(1) a judge or jury has found the alien guilty or he has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty;

(2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed (including but not limited to incarceration, probation, a fine or restitution, or community-based sanctions such as a rehabilitation program, a work-release or study-release program, revocation or suspension of a driver's license, deprivation of nonessential activities or privileges, or community service); and

---

[6] The third prong of the standard set forth in *Matter of L-R-, supra,* required that the state also consider the court action a conviction. We note, however, in regard to our current change, a long-standing rule that whether a conviction exists for purposes of a federal statute is a question of federal law and should not depend on the vagaries of state law. *Dickerson* v. *New Banner Institute, Inc., supra,* at 111–12, 117; *Matter of A-F-, supra.*

(3) a judgment or adjudication of guilt may be entered if the person violates the terms of his probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge.[7]

We are aware that this standard represents a significant departure from many of our previous decisions. For this reason it is necessary to overrule the following cases to the extent they relied on our former test for conviction and are inconsistent with the standard enunciated by the Board today: *Matter of Garcia, supra; Matter of Zangwill, supra; Matter of Seda, supra; Matter of Robinson,* 16 I&N Dec. 762 (BIA 1979); *Matter of Varagianis, supra; Matter of Pikkarainen,* 10 I&N Dec. 401 (BIA 1963); and *Matter of L–R–, supra.*

We note that a conviction for a crime involving moral turpitude may not support an order of deportation if it has been expunged. We shall continue in this regard to follow the rule which was set forth by the Attorney General in *Matter of G–, supra,* and subsequently reaffirmed in *Matter of Ibarra-Obando,* 12 I&N Dec. 576 (BIA 1966; A.G. 1967), and *Matter of Gutnick,* 13 I&N Dec. 672 (BIA 1971). Furthermore, it is the policy of the Service to defer institution of deportation proceedings until an alien who is eligible to have his conviction for a crime involving moral turpitude expunged has had a reasonable opportunity to apply for expunction. *Matter of Tinajero,* 17 I&N Dec. 424 (BIA 1980); Immigration and Naturalization Service Operations Instructions 242.1(a)(29). However, pursuant to the Attorney General's determination in *Matter of A–F–, supra,* a conviction for a narcotics or marihuana violation is final regardless of the possibility of expunction.

Applying our new standard to the respondent's case, we look first to the record of conviction, which indicates that the respondent pleaded guilty to unlawful possession of cocaine in sufficient quantity to reasonably indicate an intent to distribute the drug. It further reflects that the judge stayed entry of the judgment pursuant to Article 27, section 641 of the Annotated Code of Maryland and placed the respondent on probation for 3 years. In addition, he ordered the respondent to donate 100 hours of volunteer community

---

[7] It is well established that a conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the conviction has been exhausted or waived. *Marino v. INS,* 537 F.2d 686 (2d Cir. 1976); *Aguilera-Enriquez v. INS,* 516 F.2d 565 (6th Cir. 1975), *cert. denied,* 423 U.S. 1050 (1976); *Will v. INS,* 447 F.2d 529 (7th Cir. 1971). We note in this regard that, although it is unclear from the facts stated in *Pino v. Nicolls,* 215 F.2d 237 (1st Cir. 1954), whether Pino's conviction continued to be appealable after his case was placed "on file," the United States Court of Appeals for the First Circuit assumed that his right to appeal had been retained.

service and to pay a $1,500 fine plus court costs. Since the respondent entered a plea of guilty and the judge imposed several forms of punishment, the first two parts of our test for a conviction have been met.

We must next examine the statutory authority under which the judge acted to determine whether the third element is satisfied. According to subsection (b) of section 641, the court may enter judgment and proceed with disposition of the person upon violation of probation as if the person had not been placed on probation. It is clear from the statute that, if a violation of probation occurs, judgment may be automatically entered without further review of the question of guilt. This third requirement of our test having been met, we conclude that the respondent's conviction is sufficiently final to support an order of deportation. Accordingly, we shall affirm the September 13, 1985, decision of the immigration judge to the extent that the respondent was found deportable on the basis of his conviction. However, inasmuch as the respondent had an application for section 212(c) relief pending at the time of the immigration judge's decision, we find that a remand of the record for consideration of his waiver request is appropriate.

**ORDER:** The September 13, 1985, decision of the immigration judge is affirmed in part.

**FURTHER ORDER:** The record is remanded to the immigration judge for consideration of the respondent's application for section 212(c) relief and the entry of a new decision.