# MATTER OF GRULLON

## In Deportation Proceedings

### A-26661082

*Decided by Board April 19, 1989*

(1) A conviction does not exist for immigration purposes where an alien's criminal charges were dismissed without prejudice following his successful completion of a pretrial intervention program prescribed by section 944.025 of the Florida Statutes.

(2) In the absence of a conviction, a respondent in deportation proceedings is not barred from establishing good moral character under section 101(f)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1101(f)(3) (1982), for the purpose of applying for suspension of deportation under section 244(a) of the Act, 8 U.S.C. § 1254(a) (1982).

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Larry S. Rifkin, Esquire
200 S.E. First Street, Suite 305
Miami, Florida 33131

ON BEHALF OF SERVICE:
Ronald G. Sonom
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated April 15, 1985, the immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), denied his applications for suspension of deportation and voluntary departure, and ordered him deported from the United States. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the immigration judge for further proceedings.

The respondent is a 42-year-old native and citizen of the Dominican Republic. The record reflects that he entered the United States on March 28, 1972, as a nonimmigrant visitor with authorization to remain for 6 months. The respondent is married to a citizen of El Salvador and they have a United States citizen daughter who is now 6 years old.

During deportation proceedings the respondent conceded deportability as an overstayed nonimmigrant and applied for suspension of

12

deportation. In his testimony supporting this application he admitted that he had been arrested for a problem with cocaine. The record reflects that the respondent was charged in the State of Florida with possession of a controlled substance on June 12, 1983. The respondent claimed, however, that the charges should not be considered a conviction for immigration purposes because he had participated in the Florida pretrial intervention program, and his criminal record would be expunged within a few months pursuant to section 943.058 of the Florida Statutes.[1]

The attorney for the Immigration and Naturalization Service opposed the respondent's application for suspension of deportation, arguing that expunction of a drug conviction does not eliminate it for immigration purposes. The immigration judge concurred with the Service's position, finding that section 243.058 of the Florida Statutes[2] was not a state counterpart to the federal first offender statute. He therefore concluded that the respondent was unable to establish the requisite good moral character for suspension of deportation and voluntary departure.

On appeal the respondent has submitted documents supporting his claim that he successfully completed the pretrial intervention program and that court records now have been sealed and indicate that he has no felony convictions. Thus he reiterates his assertion that, because the charges against him have been dropped under the Florida pretrial intervention program, he has not been convicted for immigration purposes. We agree.

The State of Florida has a statutory provision for pretrial intervention programs under section 944.025 of the Florida Statutes. That statute provides in pertinent part:

(1) The department shall supervise pretrial intervention programs for persons charged with a crime, before or after any information has been filed or an indictment has been returned in the circuit court. Such programs shall provide appropriate counseling, education, supervision, and medical and psychological treatment as available and when appropriate for the persons released to such programs.

(2) Any first offender, or any person previously convicted of no more than one nonviolent misdemeanor, who is charged with any misdemeanor or felony of the third degree is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender. In no case, however, shall any individual be so released unless, after

---

[1] According to section 943.058, the courts may order the sealing or expunction of criminal history records of persons who have not been adjudicated guilty of a previous criminal offense or of the charges stemming from the arrest or criminal activity sought to be expunged and who have not secured a prior expunction or sealing of records.

[2] We note that the immigration judge erroneously referred to the pertinent section of the Florida Statutes, section 943.058, as section 243.058.

consultation with his attorney or one made available to him if he is indigent, he has voluntarily agreed to such program and has knowingly and intelligently waived his right to a speedy trial for the period of his diversion....

(3) The criminal charges against an individual admitted to the program shall be continued without final disposition for a period of 90 days from the date the individual was released to the program, if the offender's participation in the program is satisfactory, and for an additional 90 days upon the request of the program administrator and consent of the state attorney, if the offender's participation in the program is satisfactory.

(4) Resumption of pending criminal proceedings shall be undertaken at any time if the program administrator or state attorney finds such individual is not fulfilling his obligations under this plan or if the public interest so requires.

(5) At the end of the intervention period, the administrator shall recommend:

(a) That the case revert to normal channels for prosecution in instances in which the offender's participation in the program has been unsatisfactory;

(b) That the offender is in need of further supervision; or

(c) That dismissal of charges without prejudice shall be entered in instances in which prosecution is not deemed necessary.

The state attorney shall make the final determination as to whether the prosecution shall continue.

Fla. Stat. § 944.025 (1980).

In *Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988), we set forth a new standard for determining whether a conviction exists for immigration purposes. According to *Ozkok*, if there has been no adjudication of guilt, a conviction will be found only where the alien has pleaded guilty or nolo contendere or was found guilty of the charges against him; the judge ordered some form of punishment, penalty, or restraint of liberty to be imposed;[3] and a judgment or adjudication of guilt may be entered without further proceedings regarding guilt or innocence if the person violated the terms of his probation or failed to comply with the requirements of the court's order.

The respondent's criminal records reflect that he never entered a plea to the charges against him. According to section 944.025(1) of the Florida Statutes, the pretrial intervention program is available to persons charged with a crime even before an information has been filed or an indictment returned. Clearly then, entry into the program precedes a pleading by the accused or a finding of guilt by the court. In such case the first element of *Ozkok* is not present.

Furthermore, if a person participating in the program does not

---

[3] Such restraint of liberty was found to include incarceration, probation, fine or restitution, and community-based sanctions such as rehabilitation programs, work-release or study-release programs, revocation or suspension of a driver's licence, deprivation of nonessential activities or privileges, or community services.

fulfill his obligations under the plan, his case must revert to normal channels for prosecution. *See* Fla. Stat. §§ 944.025(4)-(5)(a) (1980). Since no plea or finding of guilt has previously been entered, criminal proceedings are necessary to determine the guilt or innocence of the accused. Under these circumstances, the third prong of the *Ozkok* standard also cannot be met.

In the respondent's case, his criminal records reflect that he successfully completed the Florida pretrial intervention program. They further indicate that the charges against him were subsequently dropped and that the record of his arrest was later expunged. Having reviewed these events and the provisions of Florida law, we find that the respondent has not been convicted of a drug offense for immigration purposes. Accordingly, we conclude that the immigration judge erred in finding that the respondent was convicted of a drug violation and was barred as a result of his conviction from establishing good moral character under section 101(f)(3) of the Act, 8 U.S.C. § 1101(f)(3) (1982).[4] We shall therefore sustain the appeal and remand the record to the immigration judge for further proceedings.

**ORDER:** The appeal is sustained and the record is remanded for further proceedings.

---

[4]Section 101(f)(3) precludes an alien from establishing good moral character if he falls within the provisions of section 212(a)(23) of the Act, 8 U.S.C. § 1182(a)(23) (1982). That section relates not only to aliens convicted of violating any law relating to a controlled substance, but to those suspected of trafficking in drugs as well.