[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12900
Non-Argument Calendar
_____

Agency No. A078-690-823

YUE MEI DING,
a.k.a. Yuemei Ding,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 8, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Yue Mei Ding, a native and citizen of China, petitions for review of the Board of Immigration Appeal's (the "BIA") denial of her motion to reopen removal proceedings based on changed country conditions.  In her petition, Ding argues that the BIA erred in denying her motion to reopen because the record shows that persecution of Christians in China has increased since the close of her removal proceedings.  She also argues that the BIA failed to meaningfully explain why it refused to reopen her case in light of the fact that, in other unpublished decisions, the BIA has reopened allegedly similar cases.  Additionally, Ding requests that her case be remanded to the BIA to consider whether it should exercise its *sua sponte* authority to reopen her case.

## I.

We review the denial of a motion to reopen an immigration petition for abuse of discretion.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Id.*

A party may only file one motion to reopen removal proceedings and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary

material."  8 U.S.C. § 1229a(c)(7)(A), (B).  Generally, a motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(7)(C)(i).  An exception to the time and number limitations for a motion to reopen is available if the motion is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii) (same).  "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case."  *Jiang*, 568 F.3d at 1256-57.

We have held that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

The BIA did not abuse its discretion in denying Ding's motion to reopen.  First, Ding's motion was untimely.  On April 16, 2009, the BIA dismissed Ding's

3

appeal from the Immigration Judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture—a decision which rendered final Ding's order for removal.  Ding filed her motion to reopen on October 17, 2011.  Because her motion was filed more than seventeen months after the final administrative order in her case, her motion was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to be filed within ninety days).

Second, Ding failed to establish changed circumstances in her home country, China.  As the BIA found, the evidence submitted in support of Ding's motion to reopen did not sufficiently demonstrate material evidence about changed circumstances in China concerning the treatment of Christians.  The evidence in the record indicated that, prior to, and at the time of, Ding's 2009 hearing, the Chinese government subjected unregistered churches and their members to threats, repression, harassment, detention, and sometimes physical abuse, and that the degree of restrictions varied from region to region.  The 2010 Country Report and the Religious Freedom Report do not establish that conditions changed in China with regard to the treatment of unregistered churches and their members.  Instead, these reports indicate that the Chinese government "continued to" scrutinize, harass, and detain members of religious groups.

Additionally, the BIA did not err by failing to reopen Ding's case in light of its prior unpublished decisions.  The BIA's unpublished decisions have no

4

precedential value. *De la Rosa v. U.S. Att'y Gen.*, 579 F.3d 1327, 1336 (11th Cir. 2009) (citing *Matter of Zangwill*, 18 I. & N. Dec. 22, 27 (BIA 1981), *overruled on other grounds by Matter of Ozkok*, 19 I. & N. Dec. 546 (BIA 1988)).  Moreover, based on the evidence in the record, Ding has failed to show that the facts and circumstances in the unpublished cases are actually similar to her case.  We deny the petition insofar as it challenges the denial of Ding's motion to reopen removal proceedings based on changed country circumstances.

## II.

Next, we turn to whether we have the power to remand Ding's case to the BIA to consider whether it should exercise its *sua sponte* authority to reopen her case.  We review our subject matter jurisdiction *de novo*.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).  "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto."  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

The BIA at any time can reopen or reconsider on its own motion a case in which it has rendered a decision.  8 C.F.R. § 1003.2(a).  Ding's motion to reopen her removal proceedings was titled "Motion to Reopen for Changed Country Conditions, *Sua Sponte* Jurisdiction and a Stay of Removal."  Despite asserting *sua sponte* jurisdiction in the title of her motion, Ding did not argue in her motion

5

before the BIA that it should reopen her proceeding pursuant to its *sua sponte* authority. *See Amaya-Artunduaga*, 463 F.3d at 1250 ("An issue or claim does not exist in isolation; rather, each is presented in the context of argument."). Because Ding failed to present any argument relating to the BIA's *sua sponte* authority to reopen her proceedings, she did not exhaust her administrative remedies as to this claim for remand. We thus lack the power to entertain this claim. *See Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003) ("[W]e lack jurisdiction to consider claims that have not been raised before the BIA."). Accordingly, we dismiss the petition with regards to Ding's request for remand.

PETITION DISMISSED IN PART, DENIED IN PART.