Luis Mercedes ALEJO, Petitioner,

v.

Michael B. MUKASEY, Attorney

General,[1] Respondent.

No. 07–2074–ag.

United States Court of Appeals, Second Circuit.

Sept. 11, 2008.

Jorge Guttlein, Guttlein & Associates, New York, N.Y., for Petitioner.

James E. Grimes, Civil Division, Department of Justice, (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Senior Litigation Counsel, on the brief), Washington, D.C., for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Luis Mercedes Alejo ("petitioner") seeks review of an April 17, 2007, order and decision of the BIA, affirming the August 26, 2005, order and decision of the Immigration Judge (Vomacka, *J.*), ordering Alejo removed and denying his application for adjustment of status. Alejo conceded removability as an alien present without having been admitted, in violation of 8 U.S.C. § 1182(a)(6)(A)(i), but applied for relief from removal in the form of adjustment of status. The sole issue presented by this petition for review is whether the BIA erred in holding that Alejo was ineligible for adjustment of status. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In his appeal to the BIA, Alejo conceded that he was convicted in New York state court for "strict possession" of a controlled substance, but contended that he was not convicted for possession with intent to distribute. However, as the BIA correctly noted, a conviction for "strict possession" of a controlled substance renders an alien inadmissible under Section 1182(a)(2)(A)(i)(II), even if the alien did not intend to distribute the controlled substance. *See Santos–Salazar v. Dep't of Justice,* 400 F.3d 99, 104 (2d Cir.2005) (holding that even "attempted possession of [a controlled substance] ... is squarely covered by § 1182(a)(2)").

Alejo next argues that because he appealed his controlled substance conviction, and the appeal was still pending in state court at the time he was ordered removed, his conviction was not final for immigration purposes. As we have explained, in 1996, Congress "eliminate[d] the requirement that all direct appeals be exhausted or waived before a conviction is considered final." *Puello v. Bureau of Citizenship and Immig. Serv.,* 511 F.3d 324, 332 (2d Cir.2007).

We therefore DENY the petition for review. The pending motion for a stay of deportation is DISMISSED as moot.

1. Michael B. Mukasey is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).