10-1329-ag
Ramirez v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT: AMALYA L. KEARSE,
REENA RAGGI,
*Circuit Judges*,
LAWRENCE E. KAHN,
*District Judge.*[*]

----------------------------------------------------------------
KELVIN R. RAMIREZ,

*Petitioner*,

v.                                                           No. 10-1329-ag

ERIC H. HOLDER, JR., Attorney General of the United States,

*Respondent.*
----------------------------------------------------------------

APPEARING FOR PETITIONER: OLIVER HUIYUE QIU (David K.S. Kim, Jules E. Coven, Kerry W. Bretz, *on the brief*), Bretz & Coven LLP, New York, New York.

APPEARING FOR RESPONDENT: JULIE M. IVERSEN, Trial Attorney (Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

---

[*] Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kelvin Radhame Ramirez, a native and citizen of the Dominican Republic, seeks review of a March 12, 2010 order of the BIA affirming Immigration Judge ("IJ") Gabriel C. Videla's November 25, 2008 denial of his application for cancellation of removal. Matter of Kelvin Radhame Ramirez, No. A079 121 803 (B.I.A. Mar. 12, 2010), aff'g No. A079 121 803 (Immig. Ct. N.Y.C. Nov. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

1.    Standard of Review

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. See Lecaj v. Holder, 616 F.3d 111, 114 (2d Cir. 2010). The determination that an alien is statutorily ineligible for discretionary relief, including cancellation of removal, is a matter of law that we review de novo. See Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir. 2005). We review the agency's findings of fact underlying that determination, however, only for substantial evidence. See 8 U.S.C. § 1252(b)(4)(B); Mei Fun Wong v. Holder, 633 F.3d 64, 68 (2d Cir. 2011).

2.    The Conviction Determination

Ramirez argues that the agency committed legal error when it concluded that convictions for reckless endangerment, see 8 U.S.C. § 1182(a)(2)(A)(i)(I), and cocaine possession, see id. § 1182(a)(2)(A)(i)(II), rendered him statutorily ineligible for cancellation

2

of removal, see id. § 1229b(b)(1)(C), because the convictions at issue were not yet final. We are not persuaded.

For immigration purposes, an alien is convicted of an offense when there is "a formal judgment of guilt of the alien entered by a court." 8 U.S.C. § 1101(a)(48)(A). In denying Ramirez relief, the BIA determined that a non-final conviction cannot "trigger a statutory bar to relief" and stated that "[a] conviction is final . . . once a party has exhausted all direct appeals of right." Matter of Kelvin Radhame Ramirez, No. A079 121 803, at 2 (B.I.A. Mar. 12, 2010).[1] Nevertheless, it concluded that Ramirez had not "presented any evidence indicating that he has a direct appeal that is still pending," citing specifically to the IJ's finding that a pending appeal was not evident from correspondence Ramirez had submitted from his appellate counsel. Id.

Ramirez submits that the BIA erred in requiring him to bear the burden on the issue of finality. We disagree. As an applicant for cancellation of removal, Ramirez bore the burden of establishing his eligibility for that relief by a preponderance of the evidence. See 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d). Because his convictions would otherwise have rendered him ineligible for cancellation of removal, it was his burden to establish that

---

[1] This court has suggested that the definition of "conviction," added to the immigration laws in 1996, "eliminate[d] the requirement that all direct appeals be exhausted or waived before a conviction is considered final under the statute." Puello v. Bureau of Citizenship and Immigration Servs., 511 F.3d 324, 328, 332, 334 (2d Cir. 2007) (stating that "under the plain meaning of the definition of 'conviction' in 8 U.S.C. § 1101(a)(48)(A), the entry of a 'formal judgment of guilt . . . by a court' occurs when judgment is entered on the docket"). Because Ramirez's petition is without merit even under the more favorable definition of conviction applied by the BIA, we need not here decide whether Puello's construction should be followed.

they were not yet final. See Almeida v. Holder, 588 F.3d 778, 789-90 (2d Cir. 2009). Ramirez's reliance on INS v. Lopez-Mendoza, 468 U.S. 1032 (1984), for the proposition that he may shift this burden to the government, is misplaced. The burden-shifting scheme applicable to removal proceedings referenced in Lopez-Mendoza is a product of statute. In removal proceedings the government shifts to the alien the burden of proving he is legally present in the United States, see INS v. Lopez-Mendoza, 468 U.S. at 1039 (citing 8 U.S.C. § 1361), once it carries its initial burden to prove alienage, see 8 U.S.C. §§ 1101(a)(3), 1227(a) ("deportable aliens"). By contrast, the statute applicable here, 8 U.S.C. § 1229a(c)(4)(A), explicitly places the burden of proof on Ramirez.

Ramirez argues that the government's July 27, 2006 decision to rescind charges of removability predicated on his convictions for cocaine possession and reckless endangerment operated as a concession that they were not final. Not so. Even if we were to assume that the government's action could be characterized as a concession that Ramirez's appeal of his February 15, 2006 convictions was pending on July 27, 2006, it could not operate as a concession that Ramirez was eligible for cancellation of removal—relief that Ramirez did not apply for until November 30, 2007. More important, the fact that his appeal was pending on July 27, 2006, would not necessarily have established that his appeal was pending when the IJ ruled on his application for cancellation of removal on November 25, 2008.

Equally without merit is Ramirez's argument that the agency finding is so lacking in evidentiary support as to manifest an error of law. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006). The October 23, 2006 and November 18, 2008 letters from appellate counsel explain that counsel was retained to file a motion for bail pending

4

appeal of Ramirez's 2006 convictions, but not to perfect the appeal itself. The November 18, 2008 letter reported the denial of the bail motion and stated that counsel was unaware of any motion by the prosecutor to dismiss the appeal. When asked if he had any other evidence that the appeal was still pending, Ramirez conceded that he had none. Based on the equivocal statements in the letters and the lack of any direct proof of the status of the appeal, the IJ found that Ramirez failed to adduce sufficient evidence to permit a preponderance finding that an appeal was pending. Because the absence of evidence can itself constitute substantial evidence to support a finding that a fact has not been established, see 8 U.S.C. § 1229a(c)(4)(B); Matter of Almanza-Arenas, 24 I. & N. Dec. 771, 774-75 (B.I.A. 2009), we identify no error of law with respect to the agency's conclusion that Ramirez failed to demonstrate eligibility for cancellation of removal.

Ramirez argues that the BIA should have reversed the IJ's decision because the IJ erroneously relied on an off-the-record statement made by counsel for the government in finding that no appeal was pending. This contention is refuted by the record. Although the IJ referenced the government's April 27, 2007 statement in his oral decision, the record reveals that the IJ subsequently requested on October 30, 2007, that Ramirez provide an update on the appeal with supporting evidence. The IJ found that the convictions were final because Ramirez failed to produce sufficient evidence that his appeal was pending by the time the court ordered his removal on November 25, 2008, not because the government said that no appeal was pending.

We have considered all of Ramirez's contentions in support of his petition for review and have found them to be without merit. For the foregoing reasons, the petition is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court