SMITH, Circuit Judge,
dissenting:
I agree with the majority that we have jurisdiction to consider Orabi’s petition for review and that his appeal from a conviction on an aggravated felony is still pending before the Second Circuit. I also agree that, prior to enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), P.L. 104-208, 110 Stat. 3009 (1996), the pen-dency of Orabi’s direct appeal would have meant that his conviction was not final for immigration purposes and could not have been considered as a basis for removal. I part company with 'the majority when it concludes that the pendency of Orabi’s direct appeal means that the conviction cannot serve as a basis for removal following enactment of the IIRIRA. That statute for the first time defined the term “conviction” for purposes of the Immigration and Nationality Act (INA). See 8 U.S.C. § 1101(a)(48)(A) (defining the term “conviction”). Because this court did not address in Paredes v. Attorney General, 528 F.3d 196, 198 (3d Cir.2008), and has not addressed in any other case, whether the finality requirement survived the IIRI-RA’s new definition of “conviction,” we are free to decide that issue now. In my view, the plain text of the statutory provision defining “conviction” does not require the exhaustion or -waiver of an alien’s right to a direct appeal from a formal judgment of guilt before that' conviction may serve as the predicate for an alien’s removal. Because I conclude that the pendency of Ora-bi’s direct appeal no longer prevents his conviction from serving as the basis for his removal as an aggravated felon, I would deny the petition for review.
I.
As the majority correctly notes, prior to the enactment of the IIRIRA, the term conviction was not defined in the immigration laws. Under pre-IIRIRA case law, a conviction could not serve as the basis for removal until it had “attained a substantial degree of finality. Such finality [did] not occur unless and until direct appellate review of the conviction ... ha[d] been exhausted or waived.” Marino v. INS, 537 F.2d 686, 691-92 (2d Cir.1976) (citing, inter alia, Pino v. Landon, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955)). This “finality requirement,” as some courts have referred to it, was well established. White v. INS, 17 F.3d 475, 479 (1st Cir.1994) (referring to the “finality requirement,” which required the exhaustion or waiver of direct appellate, review before a conviction occurred for immigration purposes); see also Martinez-Montoya v. INS, 904 F.2d 1018, 1025 (5th Cir.1990) (tracing “requirement of finality” to Su *544 preme Court’s decision in Pino); Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th Cir.1981) (acknowledging that conviction on direct appeal is not final for immigration purposes); Aguilera-Enriquez v. INS, 516 F.2d 565, 570 (6th Cir.1975) (discussing Pino and finality for immigration purposes); Will v. INS, 447 F.2d 529, 533 (7th Cir.1971) (same).
As the states adopted various criminal procedures designed to “amelior[ate] the consequences of a conviction,” the finality requirement proved increasingly difficult to apply in the immigration context.[1] In re Ozkok, 19 I. & N. Dec. 546, 550-51 (BIA 1988). In Ozkok, the BIA revised its standard for a final conviction for purposes of the INA. It addressed the features necessary for a conviction following (1) a judgment of guilt in the ordinary course of a criminal proceeding (formal adjudications), and (2) an adjudication of guilt that had been withheld (deferred adjudications).[2] Id. at 551-53. In a footnote, the BIA noted that “[i]t is well established that a conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the ■conviction has been exhausted or waived.” Id. at 552 n. 7.
It was against this backdrop that Congress enacted the IIRIRA in 1996. The Act defined for the first time the term “conviction” for immigration purposes:
The term “conviction” means, with respect to an alien, [ (1) ] a formal judgment of guilt of the alien entered by a court or, [ (2) ] if adjudication of guilt has been withheld, where—
(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien’s liberty to be imposed.
8 U.S.C. § 1101(a)(48)(A).
This new statutory definition, like the Ozkok decision, established the standard applicable to two categories of convictions: *545 formal adjudications and deferred adjudications. The question before us is whether this statutory definition incorporates a finality requirement akin to that found in pre-IIRIRA case law. The majority answers that question in the affirmative; I disagree.
Our task in interpreting a statute “is to discern legislative intent.” Morgan v. Gay, 466 F.3d 276, 277 (3d Cir.2006). “Because we presume that Congress’ intent is most clearly expressed in the text of the statute,” we examine “the plain language of the relevant provision.” Reese Bros., Inc. v. United States, 447 F.3d 229, 235 (3d Cir.2006); see also Barnhart v. Sigmon Coal Co., 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002) (instructing that the “first step” in interpreting a statute “is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case”) (internal quotation marks and citations omitted).
Scrutiny of the IIRIRA definition of “conviction” reveals no language requiring the exhaustion or waiver of a direct appeal before an alien’s conviction may serve as a predicate for removal. Rather, the definition requires only that there has been a “formal judgment of guilt of the alien entered by a court.” 8 U.S.C. § 1101(a)(48)(A). As to deferred adjudications, the definition demands a record that has expressly or implicitly established the alien’s guilt, accompanied by the imposition of some restraint on the alien’s liberty. Id. In the absence of statutory language specifying that a “conviction” under the IIRIRA requires the exhaustion or waiver of the right to appeal, I conclude that the pendency of a direct appeal does not preclude an alien’s conviction from serving as the basis for removal. •
Nor does Lorillard v. Pons, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), require a reading of the statute different from my own. There, the Supreme Court observed that “Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change.” Id. at 580, 98 S.Ct. 866. But that presumption is not applicable here. First, Congress did not re-enact a statutory definition of the term “conviction.”' Instead, Congress carefully fashioned for the first time in the IIRIRA a definition of the term “conviction” for purposes of the IN A. Second, the definition it enacted was a departure from the existing administrative standard set forth in Ozkok. As I see it, congressional intent could not be more clear.
Prior to the IIRIRA, Ozkok established the standard for formal and deferred adjudications. Both of these categories required finality before a conviction could be the basis for removal of an alien. Finality was required for formal adjudications by virtue of the finality requirement highlighted in the footnote in Ozkok, 19 I. & N. Dec. at 552 n. 7. Finality for deferred adjudications was necessary under the third prong set forth in the Ozkok standard. Id. at 552.
In fashioning the definition of the term “conviction” for immigration purposes, Congress embraced to a great extent the Ozkok definition for conviction. Yet it stopped short of adopting the Ozkok standard in its entirety. Instead, in setting out the definition of conviction for the two categories, Congress eliminated the third prong of the Ozkok standard for deferred adjudications. That third prong had a finality requirement. Id. (specifying that the deferred adjudication qualified as a conviction if it was “without availability of further proceedings regarding the person’s guilt or innocence of the original charge”).
By choosing to eliminate the finality requirement for deferred adjudications in *546 Ozkok, it stands to reason that Congress considered it for convictions as well. Its elimination of the finality requirement for deferred adjudications resulted in a definition that demands treating formal and deferred adjudications in the same manner. That is, neither formal nor deferred adjudications now require the exhaustion or waiver of a direct appeal before a conviction may serve as a basis for removal under the INA.
Indeed, if Congress had intended to require a finality component in the first statutory definition of the term “conviction,” it could have easily included such a requirement. Congress knows well, and knew at the time, how to refer to final convictions because it did so in other provisions in the INA concerning removal. See 8 U.S.C. §§ 1227(a)(2)(D) (including among the class of criminal offenses making an alien deportable, certain miscellaneous offenses for which an alien “has been convicted (the judgment on such conviction becoming final)”); 1228(c)(3)(A)(iii) (providing that before a district court may enter a judicial order of removal at the time of sentencing against an alien who is deportable, there must be a valid waiver of the right to appeal, the expiration of the period to file a petition for review, or the final dismissal of an appeal from such a conviction); and 1231(a)(4)(B)(i) & (ii) (authorizing Attorney General to remove an alien before he has completed a sentence of imprisonment if the confinement of the alien is “pursuant to a final conviction for a nonviolent offense”) (emphasis added). I rely on the well-settled proposition “that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.” Duncan v. Walker, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (internal quotation marks and citations omitted). I see no basis in the principles of statutory interpretation for importing the finality requirement in pre-IIRIRA case law into the definition of “conviction” at 8 U.S.C. § 1101(a)(48)(A).[3]
II.
The majority is of the view that Paredes v. Attorney General, 528 F.3d 196 (3d Cir.2008), has already determined that the “finality requirement in immigration removal cases remained undisturbed” by the IIRI-RA’s definition of the term “conviction.” Again, I disagree. Paredes concerned whether a pending collateral attack negated the finality of a conviction for immigration purposes. We agreed with our sister courts of appeals that a pending collateral attack did not vitiate the finality requirement. 528 F.3d at 198-99. Because the alien was seeking to set aside his conviction in a collateral attack proceeding, his conviction was indisputably final. There was no need, therefore, to'address in Pa-redes whether the pendency of a direct appeal of a conviction post-IIRIRA precluded an alien’s conviction from constituting a basis for removal. Indeed, Paredes did not even acknowledge that Ozkok was decided pre-IIRIRA or that the IIRIRA had defined the term “conviction” for the first time for purposes of the INA. Quite *547 simply, Paredes is inapposite to the question before us.
To be sure, as the majority acknowledges, there is no consensus among the courts of appeals as to whether there is a finality requirement post-IIRIRA for a conviction to constitute a basis for removal. Some of our sister courts of appeals have concluded that there is no finality component in the new statutory definition of “conviction.” Planes v. Holder, 652 F.3d 991, 995 (9th Cir.2011) (rejecting alien’s argument urging court to deviate from plain language of statute and to rely on case law predating enactment of a statutory definition of “conviction” and declaring that a “conviction” under § 1101(a)(48)(A) “exists once the district court enters judgment, notwithstanding the availability of an appeal as of right”); Planes v. Holder, 686 F.3d 1033, 1034 (9th Cir.2012) (concurring in denial of rehearing en banc) (concluding that the determination of whether an alien has a conviction is without regard to “whether appeals have been exhausted or waived”); Waugh v. Holder, 642 F.3d 1279, 1284 (10th Cir.2011); Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir.2004); see also Puello v. Bureau of Citizenship & Immig. Servs., 511 F.3d 324, 332 (2d Cir.2007) (observing that the IIRIRA “eliminate[d] the requirement that all direct appeals be exhausted or waived before a conviction is considered final under the statute”); Moosa v. INS, 171 F.3d 994, 1009 (5th Cir.1999) (observing that there was no indication that the finality requirement of Pino v. Landon “survive[d] the new statutory definition of ‘conviction’ found in the IIRIRA”).
Yet there are decisions which have rejected the contention that the finality requirement may no longer be a factor in deciding whether there is a basis for removal. See Abreu v. Holder, 378 Fed.Appx. 59, 62 (2d Cir.2010) (remanding, despite Puello’s observation, for the BIA to determine if the alien’s conviction was sufficiently final for purposes of removal); see also Planes v. Holder, 686 F.3d 1033, 1037, 1039 n. 4 (9th Cir.2012) (dissenting from denial of rehearing en banc) (distinguishing the authority that purportedly holds that the finality requirement did not survive the enactment of the statutory definition of “conviction” in the IIRIRA).
“Our task is to apply the text, not to improve on it.” Pavelic & LeFlore v. Marvel Entm’t Grp., 493 U.S. 120, 126, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). I conclude that the statutory term “conviction” in the IIRIRA does not require the exhaustion or waiver of an alien’s right to appeal a conviction before that conviction may qualify as a ground for removal. Accordingly, the pendency of Orabi’s direct appeal post-IIRIRA does not preclude his conviction from serving as the basis for his removal. For that reason, I would deny Orabi’s petition for review.
I respectfully dissent.

. The BIA explained in In re Ozkok that criminal "procedures var[ied] from state to state and include[d] provisions for annulling or setting aside the conviction, permitting withdrawal of the plea, sealing the records after completion of a sentence or probation, and deferring'adjudication of guilt with dismissal of proceedings following a probationary period.” 19 I. & N. Dec. 546, 550 (1988). It further noted that these "ameliorative provisions” also varied in their applicability, with some being available to certain categories of offenders, such as youthful or first offenders. Id.

. Ozkok declared that
As in the past, we shall consider a person convicted if the court has adjudicated him guilty or has entered a formal judgment of guilt....
Where adjudication of guilt has been withheld, however, further examination of the specific procedure used and the state authority under which the court acted will be necessary. As a general rule, a conviction will be found for immigration purposes where all of the following elements are present:
(1) a judge or jury has found the alien guilty or he has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty;
(2) the judge has ordered some form of punishment, penalty, or restraint on the person’s liberty to be imposed (including but not limited to incarceration, probation, a fine or restitution, or community-based sanctions such as a rehabilitation program, a work-release or study-release program, revocation or suspension of a driver’s license, deprivation of nonessential activities or privileges, or community service); and
(3) a judgment or adjudication of guilt may be entered if the person violates the terms of his probation or fails to comply with the requirements of the court’s order, without availability of further proceedings regarding the person's guilt or innocence of the original charge.
19 I. & N. Dec. at 551-52.

. The majority relies on legislative history. Because the plain text of the statutory definition of "conviction” makes clear that exhaustion or waiver of the right to a direct appeal is not required, I do not address that aspect of the majority’s reasoning. See Bruesewitz v. Wyeth Inc., 561 F.3d 233, 244 (3d Cir.2O09) (acknowledging that resort to legislative history is unnecessary "if a statute is clear on its face”); see also United States v. Gregg, 226 F.3d 253, 257 (3d Cir.2000) ("To determine a law’s plain meaning, we begin with the language of the statute. If the language of the statute expresses Congress’s intent with sufficient precision, the inquiry ends there and the statute is enforced according to its terms.”).