15-3996-ag
Mohamed v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of June, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                       *Circuit Judges*.
             RICHARD J. SULLIVAN,[1]
                       *District Judge*.

_____

NASEER MOHAMED,

                       *Petitioner*,

             v.                                          15-3996-ag

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

                       *Respondent*.

_____

Appearing for Petitioner:        Paul B. Grotas, New York, N.Y.

Appearing for Respondent:        Stefanie A. Svoren-Jay, Trial Attorney, Office of
                                 Immigration Litigation (John S. Hogan, Assistant Director,
                                 Office of Immigration Litigation, *on the brief*), *for*

_____

[1] Judge Richard J. Sullivan, United States District Court for the Southern District of New York, sitting by designation.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Washington, D.C.

Appearing for Amicus Curiae: Andrew Wachtenheim, Immigrant Defense Project (Tai-Heng Cheng, Julia J. Peck, Quinn Emanuel Urquhart & Sullivan, LLP, New York, N.Y., *on the brief*), New York, N.Y., *on behalf of Petitioner*.

Petition for review of a final order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **GRANTED** in part, the BIA's order is **VACATED** insofar as it denied Mohamed's motion to remand, and the case is **REMANDED** to the BIA for further proceedings.

Petitioner Naseer Mohamed appeals from the October 21, 2015 order of the BIA (reissued on December 3, 2015), dismissing his appeals of the denial of his applications for withholding of removal and relief under the Convention Against Torture ("CAT"), and denying his motion to remand his case to the Immigration Judge ("IJ"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Mohamed is a citizen of Guyana and a lawful permanent resident of the United States. On October 21, 2013, Mohamed was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(i), the sections of the Immigration and Nationality Act ("INA") providing for the removal of foreign nationals convicted of an aggravated felony and a controlled substance violation, respectively. On June 2, 2014, the Immigration Judge denied Mohamed's applications for withholding of removal and relief under CAT. Mohamed appealed the denial of his applications to the BIA. On July 3, 2014, Mohamed filed a motion to remand on the basis of an approved extension of time to file his state criminal appeal, proof of which was attached to the motion and which rendered his late-filed appeal timely as of the date of the state order. On the same day, the government filed a non-opposition to Mohamed's motion to remand "in light of these circumstances." Certified Administrative Record ("CAR") at 138. On October 21, 2015, the BIA denied Mohamed's appeal of the withholding and CAT claims, as well as his motion to remand to the IJ.

We review denials of motions to remand for abuse of discretion. *See Cao v. United States Department of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). The BIA abuses its discretion when it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id*. (quoting *Zhao v. United States Department of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)).

We find that the BIA abused its discretion when it denied Mohamed's motion to remand on the basis of an erroneous understanding of our Circuit law. In denying the motion to remand, the BIA explained:

[E]ven if his appeal of [Mohamed's] conviction remained on direct appeal, it would not affect the finality of the conviction for immigration purposes. The definition of "conviction" in section 101(a)(48)(A) of the [INA] requires only that the trial court enter a formal judgment of guilt and does not include any requirement that all direct appeals be exhausted or waived. *See Puello v. Bureau of Citizenship and Immigration Servs.*, 511 F.3d 324, 332 (2d Cir. 2007).

CAR at 6.

The BIA misstated our Circuit law when it suggested that *Puello* decided the finality question in our Circuit. We have repeatedly acknowledged that *Puello*'s statement regarding finality was merely dicta and that the question remains open. *See, e.g.*, *Ramirez v. Holder*, 447 F. App'x 249, 251 n.1 (2d Cir. 2011) (summary order) ("This court has *suggested* that the definition of the word 'conviction,' added to the immigration laws in 1996, 'eliminate[d] the requirement that all direct appeals be exhausted or waived before a conviction is considered final under the statute.' . . . [W]e need not here decide whether *Puello*'s construction should be followed.") (quoting *Puello*, 511 F.3d at 332) (internal citation omitted) (emphasis added)); *Abreu v. Holder*, 378 F. App'x 59, 62 (2d Cir. 2010) (summary order) (remanding to the BIA "to address, in the first instance, whether the IIRIRA's definition of conviction is ambiguous with respect to the finality requirement"). *But see Alejo v. Mukasey*, 292 F. App'x 128, 129 (2d Cir. 2008) (summary order) ("As we have explained, in 1996, Congress 'eliminate[d] the requirement that all direct appeals be exhausted or waived before a conviction is considered final.'" (quoting *Puello,* 511 F.3d at 332)). The finality question was not even presented in the briefing in *Puello*, and its dicta on the question was arguably wrong. Indeed, some precedential cases in the Circuit have continued to assume that the INA retained the finality requirement, without reference to *Puello* at all. *See, e.g.*, *Adams v. Holder*, 692 F.3d 91, 94 (2d Cir. 2012) ("Upon realizing the drug conviction was not final for purposes of the INA in light of a pending appeal, DHS amended the Notice to Appear . . . .") (citing *Walcott v. Chertoff*, 517 F.3d 149 (2d Cir. 2008), and *Marino v. INS*, 537 F.2d 686, 691-92 (2d Cir. 1976)); *Walcott,* 517 F.3d at 154 ("Petitioner's March 1996 conviction was not deemed final for immigration purposes until July 1, 1998, when direct appellate review of it was exhausted.").

Given this conflicting history of the issue within our Circuit, and contrary to the assumption of the BIA, it is clear to us that the question remains quite unsettled. We need not settle the question today, because we find that the BIA erred in its understanding of our Circuit law and should be given an opportunity to render a decision on the merits of the motion to remand within the context of the correct legal framework. On remand, the BIA may also wish to consider whether this case should be remanded to the Immigration Judge for a continuance pursuant to 8 C.F.R. § 1003.29.

We agree with the BIA, however, on the underlying substance of Mohamed's appeals regarding his withholding and CAT claims. Mohamed argues on appeal that his conviction was not for a particularly serious crime and that he established his eligibility for protection under CAT. Both of these arguments are without merit. There was no legal error in the determinations of the IJ or the BIA that Mohamed's conviction was for a particularly serious crime. Nor did the BIA err in affirming the IJ's determination that Mohamed was not eligible for CAT protection.

3

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the petition for review is **DENIED** in part and **GRANTED** in part, the BIA's order is **VACATED** insofar as it denied Mohamed's motion to remand, and the case is **REMANDED** to the BIA for further proceedings.

SULLIVAN, District Judge, dissenting:

I respectfully dissent from the majority's decision to remand this case to the Board of Immigration Appeals ("BIA"). First, I see nothing in the decision of the BIA to suggest that the BIA misconstrued the Second Circuit's opinion in *Puello v. Bureau of Citizenship & Immigration Services*, 511 F.3d 324 (2d Cir. 2007) to be controlling, as opposed to persuasive, authority as to the meaning of 8 U.S.C. § 1101(a)(48)(A). Second, for the reasons articulated by Judge Katzmann in *Puello*, the Ninth Circuit in *Planes v. Holder*, 652 F.3d 991 (9th Cir. 2011), and Judge Smith in *Orabi v. Attorney General*, 738 F.3d 535, 543 (3d Cir. 2014) (Smith, J., dissenting), I believe that 8 U.S.C. § 1101(a)(48)(A), which defines the term "conviction" to mean "a formal judgment of guilt of the alien entered by a court," is unambiguous on its face and includes no finality requirement. Indeed, the majority here expresses no view to the contrary. And if the statute is clear, then the BIA's interpretation of it was not only correct, but the only one it could have reached. *See New York Pub. Interest Research Grp. v. Whitman*, 321 F.3d 316, 324 (2d Cir. 2003) ("We will not defer to an agency's interpretation that contravenes Congress' unambiguously expressed intent.") Accordingly, I would uphold the decision of the BIA in its entirety.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4